## *STATE OF OHIO EX REL. PEBBLES ET AL. v. ORRIN S. GRIFFIN.

DISBURSEMENT OF FUNDS FOR ENLARGING WORKS.

Moneys raised by the sale of bonds, after the original construction of water-works, and for their improvement, belong to the water-works' funds, and not to the city's funds, and are to be paid out on the order of the trustees of water-works under sec. 2414, Rev. Stat., and the treasurer of the corporation is authorized and may be required to pay such orders of said trustees.

PETITION FOR MANDAMUS.

The relators constitute the board of trustees of the water works in and of the city of Norwalk, in the state of Ohio, which is a city of the fourth grade of the second class, and embraces the county seat of Huron county.

The defendant, Orrin S. Griffin, is the duly elected and qualified treasurer of said county of Huron and as such is the duly acting treasurer of said city of Norwalk.

On or about the 4th day of September, 1888, the city council of Norwalk, created a fund to be known as the Water Works Supply Improvement Fund, for the purpose of improving said water works and furnishing for the same an adequate supply of water for the use and benefit of said city, and caused the amount of $7961.72 of money from sale of bonds issued in anticipation of taxation provided for said purpose, to be paid into the hands of said defendant as said city treasurer, and the same has thence been and now remains in his hands. On the 5th day of

---

*This judgment was affirmed by the supreme court, without report, April 16, 1889. The decision is referred to in Fremont v. June, 1 Ohio Dec., 333, 338.

September, 1888, the city clerk officially certified to said relators as trustees of the water works, that the said amount of $7961.72 was so in the treasury of said city to the credit of the said water works supply improvement fund, and not appropriated for any other purpose, which certificate was filed with and duly recorded by said trustees of the water works.

Thereupon, after said certificate had been so received and filed, said trustees entered into contracts involving the expenditure of money for the purpose for which said fund was so created, and for the payment of the debt and liability so incurred therefor.　On the 15th day of September, 1888, as said Board of Water Works Trustees officially made their order in writing of that date, signed by one of said trustees, Nelson H. Pebbles being the president of said board, and countersigned by the clerk of said board, for the sum of one hundred and eighty-one dollars and fifty cents, ($181.50) payable to A. Foster and others or bearer for work and labor on Cole creek and Huron river dams, for water supplies for said water works as aforesaid; which order was due in form of law and was duly presented to said defendant as said corporation treasurer, for the payment thereof, from said money of said water works supply improvement funds in his hands, but payment of said order was then and now is refused by said defendant, and the same remain entirely unpaid.

The relators pray that a writ of mandamus issue commanding said defendant as treasurer of said corporation to pay to the said A. Foster and others or bearer the amount of said order.

Defendant, as treasurer of Huron county and acting treasurer of the city of Norwalk, Ohio, in his answer says, that on or about the date in the petition set forth, said city did create a fund known as the water works supply improvement fund for the purposes in said petition set forth and placed therein the sum in said petition specified. But the defendant says that said fund is other than that created for weekly deposits of water rents, and no funds collected from water rents have been deposited in such fund, and all such funds so collected from water rents have heretofore been, and are now, deposited with this defendant to the credit of a fund heretofore existing and known as the water works maintenance fund, which last named fund was created for the purpose of paying the expenses of conducting and managing the water works, as provided by statute.

Defendant further says that no warrant of the city clerk has been presented to him as treasurer for the sum in the petition set forth, to-wit: the sum of $181.50, at the time set forth in the petition, or at any other time; nor has he, as treasurer aforesaid, refused to pay said claim, or any other, upon warrant of said city clerk.

And defendant denies that the claim set forth in the petition as presented to him, as treasurer, was in due form of law, or otherwise, except hereinafter stated, at the time therein set forth, or at any other time.　But says that if said claim was allowed by the plaintiffs, who are a board of trustees having charge of the expenditure of city funds, the same was not by them certified to the city clerk for payment, but the order in the petition described as given to A. Foster and others or bearer was drawn by said Water Works trustees directly upon the defendant for payment from the fund in the petition described, being a fund other than that created for the deposit of water rents, as herein before set forth.　Wherefore the defendant says that he, as treasurer of the city of Norwalk, Ohio, has failed to perform no act which the law specially enjoins as a duty resulting from said office, and defendant asks that the prayer of the petition be denied, and that the action of the plaintiff may be dismissed.

The case was by agreement of parties submitted to the court at Norwalk on the last day of its session and taken under advisement by the court, the decision to be certified back from Lucas county and entered as of the Huron county term.

PER CURIAM:

In deciding this case it is proper to look at the scope and purpose of the acts

in relation to water-works. Turning to 66 O. L., 205, it will be seen that when the original municipal code was enacted the building of water-works was left to the city council, but after or concurrent with the building of the works the council was to establish a board of trustees, to be elected by the people who were to have the care and control of the water-works, their powers in that respect being full and ample. The trustees were also to assess and collect water rents. And they had control of the moneys raised by taxation to pay interest on bonds and such moneys were to be paid over to them. The trustees were given full power to contract for the building of machinery, water-works, reservoirs and for the enlargement and repair thereof, etc.

The original construction of the works was left to the council and after that the whole care of the works as well as their improvement and enlargement was left with the trustees of the water-works. The principal change in the statutes since then has been by adding the words "or when it orders water-works to be constructed" to sec. 2408, Rev. Stat., this amendment being probably added upon noticing the decision of the supreme court in 7 O. S., 355, in construing a former statute.

Sections 2413, 2426, 2429, 2430, 2431, Rev. Stat., in connection with other sections, seem to us to evince the intention of the legislature to give substantially, the whole care and control of the water-works to those water-works trustees including contracting for enlargements and improvements thereto after their original erection. And we are of the opinion that the intention was and is to give them the control and disbursement of the moneys raised to pay for work done under the contracts which the trustees are empowered to make, and that such moneys are more properly moneys belonging to the water-works funds under sec. 2413 than city funds referred to in sec. 2690, and that the provisions in the latter section were not intended to relate to water-works funds. The statute is not as clear and definite as it might be, and some of its sections do not seem to be in entire harmony with others in this regard, but in view of all the provisions bearing on the subject, we think the legislative intention is that the moneys in question in this case, being moneys raised after the original construction of the works and for their improvement, are to be paid out on the order of the trustees of water-works under sec. 2414, and that the treasurer is authorized and may be required to pay such orders of the trustees.

We have not intended this as a full argument in support of the above opinion, but as a short statement of some of the considerations upon which it rests.

The clerk is therefore ordered to enter the proper judgment for a peremptory writ of mandamus as prayed for in the petition at the costs of the said defendant, and to enter such exceptions to this order and finding as counsel for defendant may demand.

All the judges concur.

G. T. Stewart, for relators.

Horace Andrews, for defendant.